THE FARMERS' NATIONAL BANK v. WARNER ET AL.

1. **Fraudulent Conveyance:** HUSBAND TO WIFE: INSUFFICIENT EVIDENCE. The evidence in this case *held* insufficient to establish that a conveyance from husband to wife was in fraud of creditors.

*Appeal from Mitchell District Court.*

SATURDAY, DECEMBER 19.

THIS is an action in equity in the nature of a creditor's bill by which the plaintiff seeks to subject certain real estate, the legal title to which is in the defendant Josephine O.

Warner, to the payment of a judgment against the defendant Geo. W. Warner. There was a decree for the plaintiff, and defendants appeal.

*M. M. Browne,* and *J. M. Moody,* for appellants.

*F. F. Coffin* and *W. L. Eaton,* for appellee.

ROTHROCK, J.—The defendants are husband and wife. They were married in the state of Wisconsin, in the year 1868. Before their marriage the defendant Geo. W. Warner was the owner of some land in Mitchell county, in this state. He sold eighty acres of his land to his co-defendant before their marriage. Soon after their marriage defendants took up their residence upon the land of the wife. This land was then partially improved. Some years afterwards the defendant Geo. W. Warner purchased other lands, so that in 1880 he was the owner of three eighty-acre tracts, to which he held the title, but the lands were largely incumbered by mortgages. On the eighth day of November, 1880, he conveyed the land owned by him to his wife, and on the same day he executed a chattel mortgage upon certain personal property to George Warner, his father, to secure the sum of $600, and at the same time he made a chattel mortgage on other personal property to his wife to secure an alleged claim of $600.

The plaintiff set out these facts in the petition, and alleges, in the usual form, that the conveyances were fraudulent as to the creditors of the defendant George W. Warner. It was incumbent on the plaintiff to establish the averments of the petition by a preponderance of the evidence. The defendants were the only witnesses examined in the case, except one other witness who was examined upon a point wholly immaterial to any question at issue between the parties. The plaintiff claimed a decree upon the testimony of the defendants alone. This testimony is presented to us in full by question and answer, and, as it was taken in the form of depositions, the case is presented upon appeal precisely as it was

in the court below. The witnesses were examined, cross-examined, re-examined, and again cross-examined, until every conceivable question in connection with the case was exhausted. The examination in chief was really in the nature of a cross-examination. A careful perusal of the record has satisfied us that the plaintiff did not establish the facts necessary to show that the acts of the defendants were fraudulent. The deed and the chattel mortgages imported a sufficient consideration to sustain them, and we think the evidence utterly fails to show that they were made in fraud of creditors. Without reviewing the evidence, it is sufficient to say that both of the defendants testified positively that the conveyances were made in payment of a valid debt due from the husband to the wife, and the husband testified as positively that the property conveyed and mortgaged was less in value than the debt. We have no means of determining the value of the real and personal property in controversy except by the evidence before us. The plaintiff introduced no evidence of value, except the testimony of the defendants. If they are to be believed, the plaintiff utterly fails in the proofs. We cannot hold that because they are husband and wife the plaintiff is entitled to a decree. Nor can we say that a settlement made by them in 1878 was fictitious, in the face of the proof that it was fair and honest. If this settlement was an honest one, the debt was valid, and, with interest, amounted to more than the value of the property at the time of the conveyances. There are of course the suspicious circumstances which naturally arise from the management of the wife's property by the husband. But suspicious circumstances without more will not establish fraud. So far as the wife is concerned, instead of any showing that she participated in any fraudulent purpose of her husband in the transactions, it appears that she did not know that her husband was indebted, aside from certain mortgages on the land which, by her contract of purchase, she assumed to pay.

We think the petition of the plaintiff should have been dismissed. REVERSED.